The opinion of the Court was drawn up by
Cutting, J.
This action is founded on that clause in the defendant’s deed which warrants against all incumbrances.
It appears that one Charles O. Butman, on August 6, 1851, being seized of the premises described in the deed, conveyed the same to the. plaintiff, to be held by her in mortgage, — that, on April 6, 1855, the defendant, claiming under the same grantor through mesne conveyances, conveyed the same premises to one Hall Bagley by a deed containing a similar covenant, and in like manner Bagley conveyed to the plaintiff, on December 13, 1856, — that, on September 10, 1861, this suit was • instituted, alleging the mortgage to be a breach of the covenant, and that subsequently, at the October term of this Court, to which the *453 writ was made returnable, the plaintiff duly released Bag-lay from the covenant contained in his deed to her. It appears that such release was executed under B. S., c. 82, §16, which provides that — "The assignee of a grantee, or his executor or administrator, after eviction by an older and better title, may maintain an potion on a covenant of seizin or freedom from incumbrance, contained in absolute deeds of the premises between the parties, and recover such damages as the first .grantee might upon eviction, upon filing, at the first term in Court for the use of his grantor, a release of the covenants of his deed and of all causes of action thereon.”
The foregoing provision is in derogation of the common law, and must receive a strict construction, although manifestly intended to avoid circuity of action. Consequently the question arises whether the plaintiff, as the assignee of Hall Bagley, has proved " an eviction by an older and better title.”
It is difficult to perceive how she could have boon so evicted, when it is apparent that hers was the oldest, if not the better title. The question is not whether Hall Bagley was in fact evicted by the plaintiff, for of that there is no evidence, but whether she, as his assignee, had been evicted by any one having a title better and older than her own. She could not evict herself, and Hall Bagley could not evict her so long as she possessed the older title, and there can be no fiction of law opposed to impossibilities. Upon such a fiction the plaintiff x-elies.
The case of Whitney v. Dinsmore, 6 Cush., 124, cited by the plaintiff’s counsel, seems to support the view we take ; for the Court say — "To prove a bx-each, it must appear that the plaixxtiff has beeix lawfully evicted or oxxsted, or has beeix so disturbed in his title and possession, by a paxty having a paramount title, as would be equivalent to an actual eviction or ouster.” In that case, the plaiixtiff had purchased in a paramouxxt title, or, in the language of our statute, an older and better title, which was aix incumbrance *454 created by an attachment prior to the deed from the defendant. And so in Cole v. Lee, 30 Maine, 392, Stowell v. Bennett, 34 Maine, 422, and Loomis v. Bedell, 11 N. H., 74.
Had Hall Bagley been ejected by the plaintiff, or, to avoid such a contingency, had discharged her mortgage, he would have been in a situation to sustain an action against his warrantor, either immediate or remote, by pursuing in the steps of the statute; and in such case the authorities cited by the .plaintiff’s counsel would have been pertinent. But here the plaintiff, after having received her deed from Bagley, was in possession under her prior mortgage and Bagley’s subsequent deed, and she can invoke no fiction of law by which the servient shall overcome the dominant title. While, therefore, the law justly protects the one party by the exclusion of the evidence offered to show for what purpose Bagley conveyed to the plaintiff, the law likewise shields the other party from the effect of a fictitious eviction, and by both rules of éxelusion in this case, doubtless, justice is administered. ' Plaintiff nonsuit.
Appleton, C. J», Davis, Kent and Walton, JJ., con-